FILED
2013 Sep-10 PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH EASLEY,** | } |
| Petitioner, | } |
| v. | } Case No.:   2:12-cv-8057-RDP |
| | } Criminal No.: 2:11-cr-185-RDP-TMP |
| **UNITED STATES OF AMERICA,** | } |
| Respondent. | } |

## MEMORANDUM OPINION

The court has before it Kenneth Easley's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) filed under 28 U.S.C. § 2255 on December 26, 2012. Pursuant to the court's orders of January 4, 2013 (Doc. #4) and February 1, 2013 (Doc. #6), the United States Government filed an Opposition (Doc. #7) to Easley's Section 2255 Motion on March 11, 2013. In its response, the Government seeks to have the Motion to Vacate (Doc. #1) dismissed in its entirety, without an evidentiary hearing. (*See* Doc. #7 at 1).

Petitioner responded to the Government's opposition on April 24, 2013. (*See* Doc. #10). The court allowed Petitioner an additional opportunity to respond by order (Doc. #11) dated August 12, 2013. Petitioner did so on August 28, 2013 (*see* Doc. #12), filing contemporaneously therewith a Motion for Subpoena of Transcripts (Doc. #13) and Motion to Proceed In Forma Pauperis (Doc. #14).

**I.    Background**

On April 26, 2011, a federal grand jury returned a three-count indictment against Kenneth Easley, charging him with: (1) unlawful possession with intent to distribute a mixture and substance containing a detectable amount of hydrocodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

and (b)(1)(D) (Count One); (2) knowing use and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(i) (Count Two); and (3) possession of a firearm after convictions in the District Court of Jefferson County, Alabama, in violation of 18 U.S.C. §922(g)(1) (Count Three).  The parties filed a written Plea Agreement on August 8, 2011.  (*See* Doc. #23 in Case No.: 2:11cr185-RDP-TMP).  Defendant Easley agreed to plead guilty to Count Three of the Indictment in exchange for the Government dismissing Counts One and Two of the Indictment at the time of sentencing.  (*See id.*).  The plea agreement contained a "waiver of right to appeal and post conviction relief" provision.

On August 8, 2011, the court held a change of plea hearing during which Defendant Easley entered a plea of guilty as to Count Three of the Indictment.  (*See id.* at Minute Entry of August 8, 2011; *see also id.* at Doc. #32).  On December 15, 2011, Easley was sentenced to 210 months of imprisonment.[1]  (*See id.* at Doc. #29).  Easley did not appeal the Judgment.

Petitioner Easley's Motion to Vacate (Doc. #1) seeks relief on the grounds of: (1) denial of effective assistance of counsel; and (2) lack of jurisdiction under the Armed Career Criminal Act.

## II.   Discussion

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without personal jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255, ¶ 1.  It is well settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).

---

[1] On October 29, 2012, Defendant Easley filed a Motion (*see* Docket for 2:11cr185-RDP-TMP at Doc. #30) for a Copy of the Sentencing Transcript and to Proceed IFP.  That Motion has not been ruled on to date, but is **MOOT** based on the reasoning contained herein.

### A.     Appeal Waiver

An appeal waiver is enforceable if the waiver is made knowingly and voluntarily. *See United States v. Rubio*, 396 F.3d 1330, 1331 (11th Cir. 2005); *see also United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Appeal waivers extend to collateral attacks. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). To establish the validity of an appeal waiver, the United States must show either: (1) that the district court specifically questioned the defendant about the plea waiver during the plea colloquy; or (2) that it is manifestly clear from the record that the defendant fully understood the significance of the waiver. *Id.* at 1341; *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

In his Plea Agreement, Easley waived his right to appeal his conviction and sentence. (*See* Doc. #23 in 2:11cr185-RDP-TMP). The written waiver also expressly included "a motion brought under 28 U.S.C. § 2255." (*Id.*). The plain language of the appeal waiver, which Easley admitted, under oath, to discussing with his attorney, informed Easley that he was waiving his right to collaterally attack his conviction and sentence *except* where: (a) a sentence was imposed in excess of any applicable statutory maximum sentences; and (b) any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed. (*See* Doc. #23 in 2:11cr185-RDP-TMP). Moreover, the waiver provision in the plea agreement contains an internal signature provision that Easley signed directly below the appeal waiver provision. (*See id.*). Additionally, during his change of plea hearing, the court specifically questioned Easley regarding his waiver of appeal rights. (*See* Doc. #32 at 15-16 in 2:11cr185-RDP-TMP). The court later determined that Easley knowingly and voluntarily entered into the plea agreement. (*See id.* at 26-30).

On this basis alone, Easley's §2255 motion is subject to dismissal. Out of an abundance of caution, however, the court will analyze the claims made by Easley and the arguments presented by the Government. In doing so, it concludes that, even if the appeal waiver was somehow invalid, Easley's motion remains subject to dismissal.

B.   **Ineffective Assistance of Counsel and the Armed Career Criminal Act**

Easley asserts that he had ineffective assistance of counsel because his attorney, Greg Reid, "failed in his duty to investigate the circumstances of the predicate offenses used by the Government" to enhance his sentence under the Armed Career Criminal Act ("ACCA"). (Doc. #1 at 10). Easley further asserts that the sentencing court "was without jurisdiction to impose a sentence enhancement pursuant to the Armed Career Criminal Act" because Easley did not have three prior qualifying convictions. (Doc. #1 at 11).

Ineffective assistance of counsel claims are governed by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Easley must show both: (1) that counsel's performance was deficient, *i.e.* outside the range of professionally competent assistance; and (2) prejudice, such that there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. *See Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000). But defense counsel's conduct was not deficient -- he asked for and received *Shephard*-approved documents in the form of two Indictments and three Informations relating to each of Easley's five convictions for Unlawful Possession of Marijuana, First Degree. (*See* Doc. #7, Exh. A). These documents established that Easley had been convicted four times of possessing marijuana for "other than personal use," a serious drug offense under the ACCA. *See United States v. Robinson*, 583 F.3d 1296-97 (11th Cir. 2009) (holding that a conviction under Ala. Code § 13A-12-

4

213 for possession of marijuana for other than personal use qualifies as a serious drug offense for purposes of the ACCA").  Moreover, Petitioner suffered no prejudice -- Easley did, in fact, qualify as an Armed Career Criminal under the ACCA.  Thus, even had defense counsel failed to properly investigate the prior offenses (and to be crystal clear, he did not), the fact remains that Easley was due to be sentenced under the ACCA.  Because there was no ineffective assistance of counsel, Easley's § 2255 motion is due to be denied.

Finally, Easley's petition is flawed because a §2255 petition is not the "appropriate vehicle for determining whether a conviction later used to enhance federal sentence was unconstitutionally obtained." *Daniels v. U.S.*, 532 U.S. 374, 381 (2001).  By the time of sentencing under the ACCA, a prior conviction that has not been set aside on direct or collateral review is "presumptively valid and may be used to enhance the federal sentence."  *Id.* at 382.  "The presumption of validity that attached to a prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under §2255."[2]  *Id.*.  For this separate and additional reason, Easley's §2255 motion is due to be denied.

### III.  Conclusion

For all of the foregoing reasons, Easley's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) is due to be denied.  Because the Motion to Vacate (Doc. #1) is due to be denied, the

---

[2] The *Daniels* court reasoned:

> [A] defendant generally has ample opportunity to obtain constitutional review of a state conviction.  But once the "door" to such review "has been closed," by the defendant *himself* -- either because he failed to pursue otherwise available remedies or because he failed to prove a constitutional violation -- the conviction becomes final and the defendant is not entitled to another bite at the apple simply because the conviction is later used to enhance another sentence.

532 U.S. at 383 (emphasis in original).

Motion for Subpoena of Transcripts (Doc. #13) and the Motion for Leave to Proceed In Forma Pauperis (Doc. #14) are moot.

A separate order will be entered dismissing this case in its entirety.

**DONE** and **ORDERED** this  10th  day of September, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE